**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUL 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY JOHNSON; MICHELLE HUME, | No. 22-35775 |
| Plaintiffs-Appellants, | D.C. Nos. 3:21-cv-00947-JR |
| v. | 3:21-cv-01439-JR |
| GUARDIAN MANAGEMENT; LISA SIMONSON; KELLY PAINE; THOMAS BARRY BRENNEKE, Jr.; GUARDIAN REAL ESTATE SERVICES; UPTOWN TOWER APARTMENTS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 16, 2024[**]

Before:    SCHROEDER, VANDYKE, and KOH, Circuit Judges.

Larry Johnson and Michelle Hume appeal pro se from the district court's

judgment in their consolidated action alleging various claims under the Fair

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Housing Act ("FHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly granted summary judgment on plaintiffs' claims arising from their rent payment deadline because plaintiffs failed to raise a genuine dispute of material fact as to whether they were discriminated or retaliated against by defendants. *See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1178-79 (9th Cir. 2006) (setting forth elements of discrimination claim on the basis of handicap under the FHA); *Walker*, 272 F.3d at 1128 (setting forth elements of retaliation claim under the FHA).

The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

22-35775

All pending motions and requests are denied.

**AFFIRMED.**